IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH HARRIS,                              No. CIV S-07-1244-LKK-CMK-P

      Plaintiff,

   vs.                                       FINDINGS AND RECOMMENDATIONS

LOOK,

      Defendant.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss (Doc. 14). Plaintiff filed an opposition to the motion (Doc. 21).

      This action proceeds on plaintiff's original complaint filed June 1, 2007. Plaintiff's complaint alleges defendant denied him two meals on October 17, 2006, both breakfast and lunch. Plaintiff claims that due to the behavior of his cell mate in knocking over a milk carton, defendant refused to provide him a breakfast tray then ignored his request and refused to provide him a lunch tray as well. He claims this treatment was in violation of the Eighth Amendment.

/ / /

1

1    Defendant brings this motion to dismiss, pursuant to Rule 12(b)(6) of the Federal
2 Rules of Civil Procedure, on the grounds that plaintiff's complaint fails to set forth facts
3 sufficient to state a claim upon which relief can be granted.  Defendant argues that plaintiff's
4 allegation that he missed two meals in one day is not sufficiently serious to pose a substantial risk
5 of serious harm.  Plaintiff's opposition fails to dispute this argument.  Instead, plaintiff's
6 opposition raises issues regarding municipality liability and qualified immunity, neither of which
7 are raised in defendant's motion.

8    In considering a motion to dismiss, the court must accept all allegations of
9 material fact in the complaint as true.  See Erickson v. Pardus, 127 S. Ct. 2197 (2007).  The court
10 must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v.
11 Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425
12 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All
13 ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,
14 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those
15 drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

16    In order to survive dismissal for failure to state a claim, a complaint must contain
17 more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
18 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.
19 Twombly, 127 S. Ct.1955, 1964-65 (2007).  Allegations of specific facts are not necessary so
20 long as the statement of facts gives the defendant fair notice of what the claim is and the grounds
21 upon which it rests.  See Erickson, 127 S. Ct. at 2197.

22    To determine whether a complaint states a claim upon which relief can be granted,
23 the court generally may not consider materials outside the complaint and pleadings.  See Cooper
24 v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.
25 1994).  The court may, however, consider: (1) documents whose contents are alleged in or
26 attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;

(2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

Under these standards, a statute of limitations defense may be raised in a motion to dismiss.  Finally, leave to amend must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

"Adequate food is a basic human need protected by the Eighth Amendment." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (citing Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).  "While prison food need not be 'tasty or aesthetically pleasing,' it must be

1  'adequate to maintain health.'" Id. (quoting LaMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.
2  1993)). The deprivation of food may constitute cruel and unusual punishment if it denies a
3  prisoner the minimal civilized measure of life's necessities. See Talib v. Gilley, 138 F.3d 211,
4  214 n.3 (5th Cir. 1998). But whether it "falls below this threshold depends on the amount and
5  duration of the deprivation." Id. "[O]nly those deprivations denying 'the minimal civilized
6  measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment
7  violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S.
8  337, 347 (1981)). Continuous and substantial denial of food could certainly constitute a denial of
9  life's necessities. The Fifth Circuit has found that denying a prisoner one out of every nine meals
10 is not a constitutional violation. See Talib, 138 F.3d 211. But, the failure to feed a prisoner for
11 twelve days is unconstitutional. See Cooper v. Sheriff of Lubbock Co., 929 F.2d 1078 (5th Cir.
12 1991). The Sixth Circuit has found that feeding inmates only once a day for 15 days would
13 constitute cruel and unusual punishment only if it "deprive[s] the prisoners . . . of sufficient food
14 to maintain normal health." Cunningham v. Jones, 567 F.2d 653, 660 (6th Cir. 1977). The
15 Tenth Circuit has also found withholding food violates the Eighth Amendment when food was
16 withheld completely from a prisoner for 50 1/2 hours. See Dearmann v. Woodson, 429 F.2d
17 1288, 1289 (10th Cir. 1970).

18         Here, plaintiff alleges defendant denied him two meals in one day. Plaintiff does
19 not allege that he received this treatment on a continual or sustained basis. He does not allege
20 this was anything other than a one time incident. Although plaintiff's experience may not have
21 been the most pleasant, the experience of missing two meals does not raise to the level of being a
22 deprivation of sufficient food to maintain normal health, and therefore is insufficient to state a
23 claim for cruel and unusual punishment under the Eighth Amendment.

24         Based on the foregoing, the undersigned recommends that
25         1.      Defendant's motion to dismiss (Doc. 14) be granted; and
26         2.      The clerk of the court be directed to enter judgement and close this case.

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Failure to file objections within the specified time may waive
6  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  June 13, 2008

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE